IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Roger Platt, Petitioner, | ) | C/A No. 0:10-2088-RBH-PJG |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Anthony J. Padula, *Warden*, Respondent. | ) | |

Roger Platt ("Platt"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 21.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 23.) Platt filed a response in opposition. (ECF No. 28.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted.

## BACKGROUND

Platt was indicted in September 2004 in Florence County for armed robbery, carjacking, attempted kidnapping, and possession of a weapon during the commission of a violent crime (04-GS-21-1033). (App. at 293-94, ECF No. 22-4 at 20-21.) Platt was represented by Jay R. Lee, Esquire, and on April 25, 2005, was tried by a jury and found guilty of armed robbery and possession of a

weapon during the commission of a violent crime.[1] (App. at 283, ECF No. 22-4 at 10.) The circuit court sentenced Platt to twenty years' imprisonment for armed robbery and five years' imprisonment for possession of a weapon during the commission of a violent crime, each sentence to be served concurrently. (App. at 290-91, ECF No. 22-4 at 17-18.)

Platt filed a direct appeal and was represented by Eleanor Duffy Cleary, Esquire, of the South Carolina Commission of Indigent Defense, Division of Appellate Defense, who filed a brief raising the following issue:

> Whether the trial judge erred in failing to grant appellant's pre-trial motion to suppress Ryan Brown's identification of appellant at an unduly suggestive show-up where the identification was not reliable under the totality of the circumstances?

(ECF No. 22-10 at 3.) On March 15, 2007, the South Carolina Court of Appeals affirmed Platt's conviction and sentence. (State v. Platt, Op. No. 2007-UP-123 (S.C. Ct. App. Mar. 15, 2007), ECF No. 22-12.) The remittitur was issued on April 6, 2007. (ECF No. 22-13.)

On November 2, 2007, Platt filed a *pro se* application for post-conviction relief ("PCR") in which he raised the following issues:

> (a) The Applicant was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution and Article I, Section 14 of the South Carolina Constitution;
>
> (b) The Applicant wishes for a motion of re-consideration . . . [*sic*] of time and/or sentence reduction.

(See Platt v. State of South Carolina, 07-CP-21-1954; App. at 297-302, ECF No. 22-4 at 24-29.) Platt filed a *pro se* amendment to his application on May 5, 2008, raising the following additional ground:

---

[1] The state withdrew its charge of carjacking and the jury found Platt not guilty of the charge of attempted kidnapping. (App. at 111, ECF No. 22-2 at 13; App. at 283, ECF No. 22-4 at 10.)





> That the Applicant was denied due process and equal protection of the law through Ineffective Assistance of Counsel to indictment numbers 04-GS-21-01033 by the Respondents misleading and manipulating the Applicant to not take to stand on my behalf. Under Section _____ Code of Law of South Carolina for the offenses Armed Robbery and possession of a weapon. The identification of the Applicant was unduly suggested.

(ECF No. 22-6 at 1) (omission in original). On May 19, 2008, Charles T. Brooks, III, Esquire, filed an amended PCR application on Platt's behalf, stating the identical amended ground as raised by Platt in his May 5, 2008 amendment. (ECF No. 22-7 at 1.) The State filed a return. (App. at 303-06, ECF No. 22-4 at 30-33.) On December 16, 2008, the PCR court held an evidentiary hearing at which Platt appeared and testified and continued to be represented by Brooks. (App. at 307-41, ECF No. 22-4 at 34-68.) At the beginning of the hearing, Brooks summarized Platt's PCR grounds as essentially constituting ineffective assistance of counsel in that (1) trial counsel did not request a jury charge on a lesser included offense, (2) trial counsel did not strike a juror who knew a witness, (3) trial counsel did not do an adequate job with regard to suppression of witness identification of Platt as the perpetrator, and (4) trial counsel did not explain a plea offer to Platt. (App. at 316-17, ECF No. 22-4 at 43-44.) By order filed January 9, 2009, the PCR judge denied and dismissed with prejudice Platt's PCR application. (App. at 342-47, ECF No. 22-4 at 69-74.) Platt filed a notice of appeal with the South Carolina Supreme Court on January 14, 2009.[2]

In his PCR appeal, Platt was represented by Kathrine H. Hudgins, Esquire, Appellate Defender of the South Carolina Commission of Indigent Defense, Division of Appellate Defense, who filed a petition for a writ of certiorari on August 24, 2009 that presented the following issue:

---

[2] Subsequent to filing his notice of appeal, on February 3, 2009 Platt filed a Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. (ECF No. 22-9.)



PJG

> Did the PCR judge err in refusing to find counsel ineffective for failing to request a jury charge on the lesser included offense of strong armed robbery?

(ECF No. 22-14 at 3.) The State filed a return. (ECF No. 22-15.) In a letter order filed May 27, 2010, the South Carolina Supreme Court denied Platt's petition. (ECF No. 22-16.) The remittitur was issued on June 15, 2010. (ECF No. 22-17.)

**FEDERAL HABEAS ISSUES**

In Platt's federal petition for a writ of habeas corpus, he raises the following issues:

> **Ground One:** Whether Trial Court Erred in Failure to Suppress Identification Testimony?
>
> > **Supporting Facts:** The trial court failed to grant defense motion to suppress Ryan Brown testimony of identification-in-court. Trial court suppressed testimony of other person but not this person and in light of fact trial court expressed concern over police procedure.
>
> **Ground Two:** Whether Trial Counsel was Ineffective for not Objecting To Gun Indictment
>
> > **Supporting Facts:** Prosecution failed to show that the type of weapon so alleged in indictment has been proven and counsel at end of trial failed to make objections too state's failure to prove type of weapon used.
>
> **Ground Three:** Ineffective Assistance of Counsel Failure To Object To Improper Prosecutor Comments
>
> > **Supporting Facts:** Prosecution made numerous improper comments, during closing argument the state made comments that were extremely prejudicial and denied defendant a fair trial.
>
> **Ground Four:** Ineffective Assistance of Counsel Failure To Request A Blakely Hearing
>
> > **Supporting Facts:** Trial counsel failed to request that trial court honor his rights under Blakely for jury to decide his sentence and not trial Judge. During trial this law was already decided and counsel failed to ensure that this law protected his clients constitutional rights.
>
> **Ground Five:** Failure to Request Telfaire Charge
>
> > **Supporting Facts:** Trial counsel failed to have trial court charge jury under Telfaire for single-witness identification. When only one person identified defendant.





**Ground Six:** Failure to Instruct Jury on Statement

**Supporting Facts:** Trial counsel failed to inform court that it did not instruct jury on statement and the fact that such statement really did not constitute as a admission of guilt but admission of innocence as the statement was admitted to show actions of defendant.

**Ground Seven:** Failure to Secure Defendant Presence At Conference And Jury Note

**Supporting Facts:** The counsel for defendant conducted a hearing without defendant being present and counsel also allowed this to take place during juror note twice and counsel made no objections.

(ECF No. 1) (errors in original).

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.





The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B. Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover,





state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Id. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C. Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911





(4th Cir. 1997); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). In order to exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks & citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

## D. Respondent's Motion for Summary Judgment

### 1. Procedural Bar

As an initial matter, the respondent argues that Grounds Two through Seven of Platt's federal habeas Petition are procedurally barred from consideration. Upon review of the record, the court agrees.

None of the issues raised in these grounds was properly preserved and presented in Platt's PCR appeal. Specifically, Platt's arguments that trial counsel was ineffective in failing to object to the gun indictment (Ground Two), to object to improper comments by the prosecutor (Ground





Three), to request a Blakely hearing (Ground Four), to request a Telfaire charge (Ground Five), to request a jury instruction on a statement (Ground Six), and to secure Platt's presence at a conference concerning a jury note (Ground Seven) were not presented to the state's appellate courts in Platt's PCR appeal.[3] See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review). Therefore, these issues are procedurally barred unless Platt can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750; see also Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding").

Platt appears to contend that these grounds were not properly exhausted due to PCR counsel's failure to preserve these grounds for appeal or PCR appellate counsel's failure to include these grounds on appeal. However, these allegations are insufficient to demonstrate cause. "[T]here is no constitutional right to an attorney in state post-conviction proceedings." Coleman, 501 U.S. at 752. Accordingly, there can be no right to effective assistance of counsel where there is no constitutional right to counsel. Wainright v. Torna, 455 U.S. 586 (1982). Since there is no right to

[3] Moreover, there is no indication in the record that these grounds were even raised to and ruled on by the PCR court or even that a Rule 59(e) motion was *properly* filed. Therefore, even if these grounds had been raised to the state appellate court, they would not have been preserved for appellate review under state procedural rules. See Humbert v. State, 548 S.E.2d 862, 866 (S.C. 2001) (holding that an issue must be raised to and ruled on by the PCR court to be preserved for appellate review); Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) ("Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review.").





effective assistance of counsel in state PCR proceedings, ineffective assistance of PCR counsel or PCR appellate counsel cannot serve as cause for Platt's default. Coleman, 501 U.S. at 753-55; see also Sidebottom v. Delo, 46 F.3d 744, 751 (8th Cir. 1995) (stating that the failure of a petitioner's PCR counsel to preserve grounds for appeal cannot constitute cause); Caswell v. Ryan, 953 F.2d 853, 862 (3d Cir. 1992) ("Ineffectiveness of counsel does not provide sufficient cause to excuse procedural default when counsel is not constitutionally mandated."). Accordingly, the court cannot excuse Platt's procedural default and concludes that these grounds are procedurally barred.

**2. Ground One**

Ground One of Platt's Petition alleges that the trial court erred in failing to suppress the identification testimony of Ryan Brown ("Ryan").[4] Platt presented this issue to the South Carolina Court of Appeals on direct appeal alleging that the trial court "erred in failing to grant [Platt's] pre-trial motion to suppress Ryan Brown's identification of [Platt] at an unduly suggestive show-up where the identification was not reliable under the totality of the circumstances." (ECF No. 22-10 at 3.)

The Court of Appeals summarized the events as follows:

> At 9:30 p.m. on March 9, 2004, Ryan Brown was pumping gas at a service station in Florence County when he was approached by a man who asked, "Yo, man, you want some green?" Ryan declined the offer and drove away to his friend Jimmy Brown's house.
>
> After arriving at Jimmy's house, Ryan invited Jimmy out to his car to see the new TV he had purchased. When both Ryan and Jimmy were in Ryan's car, Ryan stepped outside to take a phone call. Suddenly, the man who had approached him at the gas station appeared, took Ryan's phone, grabbed Ryan by the collar, and announced that Ryan was coming with him. Ryan pushed the man away and ran to the safety of Jimmy's home where he asked someone inside to call the police. Jimmy, meanwhile, locked himself in the car to remain out of harm's way.

---

[4] The court refers to this witness by his first name to avoid confusion with the other victim, who shares the surname Brown.





> The police arrived shortly. Ryan described his assailant as a black male who was approximately five foot seven inches tall and between 160 and 170 pounds, wearing blue jeans, a blue shirt with a stripe on it, and a gray toboggan or bandana. Ryan and Jimmy drove around the area with police and Ryan recognized a car on the side of the road as the one he had seen his assailant exit at the service station. However, neither Ryan nor Jimmy could identify the man standing next to the vehicle. As the victims continued to ride with police, Ryan recognized his assailant walking down the side of the road, but by the time the police cruiser turned around, the man was gone.
>
> The police set up a perimeter, and Platt was found hiding in the bushes with Ryan's cell phone within a few feet of him. Both Ryan and Jimmy identified Platt as the perpetrator, and according to the officer with whom they spoke, both men were one hundred percent certain of the identification. When Platt was booked, he reported being five fee eight inches tall and 180 pounds. He was wearing a black shirt with a stripe on it and a toboggan. Platt also had little braids in his hair, which the victims never reported to the police and which the trial court opined were major physical identifying marks of Platt.

(ECF No. 22-12.)

Prior to trial, Platt moved to suppress the identification alleging that the show-up identification, as opposed to a line-up identification, was not necessary and was unduly suggestive; that there was some discrepancy in the lighting that was present when Ryan observed the assailant; that there was some discrepancy as to whether Ryan was paying attention to the gun or the assailant's face; that there was some discrepancy as to the color of the assailant's jacket, whether it was blue or black; and that Ryan failed to indicate to the officer that the assailant had braided hair or any particular hair style. (App. at 24, ECF No. 22-1 at 26; App at 97-102, ECF No. 22-1 at 99 through ECF No. 22-2 at 4.) The trial court found that the method of identification was unduly suggestive; however, based on the totality of the circumstances, the court found Ryn's identification admissible and denied Platt's motion.[5] On appeal, the South Carolina Court of Appeals considered this issue and applied the two-part test announced in Neil v. Biggers, 409 U.S. 188, 199 (1970). Neither party

[5] The trial court did grant Platt's motion to suppress the identification by Jimmy Brown. (App. at 108-09, ECF No. 22-2 at 10-11.)





challenged the trial court's determination that the identification process in this case was in fact unduly suggestive. However, the Court of Appeals concluded that there was not a substantial likelihood of irreparable misidentification after applying the following factors:

> the opportunity of the witness to view the perpetrator at the time of the crime, the witness's degree of attention, the accuracy of the witness's prior description of the criminal, the level of certainty displayed by the witness at the confrontation, and the time between the crime and the confrontation.[6]

(ECF No. 22-12 at 4-5.) Specifically, the court considered the length of time that Ryan witnessed the assailant, noting that Ryan had the opportunity to observe the assailant on two occasions; Ryan's degree of attention, noting that Ryan was in fear for his life because the assailant was pointing a gun at him; the fact that Ryan was quite certain of his identification; and the fact that the identification occurred on the same evening as the crime and was only a short distance from the crime scene. The court also considered the accuracy of his description, noting that although Ryan did not mention the assailant's braids in his description, the remainder of it was "remarkably accurate." (Id. at 5.) Therefore, the Court of Appeals determined that under the circumstances of this case, the identification did not need to be excluded and reversal of Platt's conviction was not warranted.

In Neil v. Biggers, 409 U.S. 188 (1970), the United States Supreme Court held that the Due Process Clause requires the exclusion at trial of evidence of a pre-trial identification of a person if, based on the totality of the circumstances, the procedure used to obtain the identification was *both* (1) unnecessarily suggestive and (2) conducive to mistaken identification. Id. at 199-200. The Court further held that in determining the reliability of an identification, a court is to consider the following factors: (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the

---

[6] These are essentially the same factors that were outlined in the United States Supreme Court case, Neil v. Biggers, 409 U.S. 188, 199 (1970).





witness's degree of attention, (3) the accuracy of the witness's prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and confrontation. Id. The state Court of Appeals applied this test and these factors.

In support of his Petition, Platt appears to reiterate the arguments offered by his counsel during the trial and the Court of Appeals in his appellate brief.[7] For example, he points to discrepancies in Ryan's testimony, such as the fact that Ryan's initial description stated that the assailant was wearing a blue shirt rather than a black shirt, did not state with absolute certainty that the assailant was wearing a toboggan or bandanna, and failed to indicate that the assailant had braids. Platt appears to argue that these discrepancies decrease the reliability of Ryan's statement. Platt also appears to challenge Ryan's degree of certainty, arguing that it was influenced by Jimmy Brown's identification, which was suppressed.

The court finds that Platt cannot demonstrate that the South Carolina Court of Appeals erred in finding that based on the totality of the circumstances Ryan's identification need not be suppressed. The Court of Appeals explicitly considered and weighed each of the five factors announced in Neil v. Biggers. Platt's arguments fail to demonstrate that the state court unreasonably misapplied clearly established federal law or that the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court

---

[7] To the extent that Platt argues that simply because the identification procedure was unduly suggestive means there was a substantial likelihood of misidentification, the court finds that habeas relief is not warranted. The United States Supreme Court has specifically declined to adopt such a *per se* rule—*i.e.* that unnecessary suggestiveness alone requires the exclusion of evidence. Neil, 409 U.S. at 198-99.



PJG

proceeding." See 28 U.S.C. § 2254(d)(1), (2); Williams, 529 U.S. at 411. Therefore, Platt is not entitled to federal habeas relief on this basis.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 21) be granted.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 12, 2011
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).