IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Roger Platt, #308874, ) | C/A No. 0:10-2088-RBH |
| ) | |
| Petitioner, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| Anthony J. Padula, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

The Plaintiff, *pro se*, instituted this action pursuant to 28 U.S.C. § 2254 on August 10, 2010. He is incarcerated in the SCDC at Lee Correctional Institution.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett, for pretrial handling. The matter is before this Court on the Report and Recommendation of Magistrate Judge Gossett, which was issued on July 13, 2011. After analyzing the issues presented in this case, the Magistrate Judge recommended that this Court grant the respondent's motion for summary judgment. On August 3, 2011, the plaintiff filed a "Motion to Withdraw Without Prejudice and Objection to Magistrate's Report and Recommendation". Respondent filed a Response in Opposition to the Motion to Withdraw on August 11, 2011.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may

1

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Magistrate Judge has thoroughly discussed the procedural history of the case and the applicable law. Therefore, the Court will not repeat it here.

The Magistrate Judge recommended a finding that Grounds Two through Seven of the habeas petition were "procedurally defaulted" because none of these issues were raised in the petitioner's appeal from the denial of his petition for post conviction relief (PCR). The Magistrate found as to the merits of Ground One that Petitioner failed to show that the South Carolina Court of Appeals erred in finding that based on the totality of the circumstances the identification by the crime victim should not be suppressed.

No objection has been filed as to the Magistrate's findings regarding procedural default, and the petitioner appears to acknowledge the same in his request to withdraw his petition without prejudice. Petitioner now contends that he should be allowed to withdraw his petition without prejudice so that he can present his "unexhausted claims" to the state courts. He also objects generally to

Footnote 2, Page Three of the Report and Pages 8-15 of the Report. The respondent opposes the petitioner's request to withdraw his petition without prejudice.

***Motion to Withdraw Petition Without Prejudice***

Petitioner "request (sic) this court to allow him to withdraw his petition without prejudice to allow the state (sic) highest court a fair opportunity to rule on the remaining unexhausted claims ruled on by the PCR court that was not raised by appellate counsel . . ." (Docket Entry # 34, p.1). Petitioner lists the following as his unexhausted claims:

> (1) Trial counsel did not request a jury charge on a lesser included offense, (2) Trial counsel did not strike a juror who knew a witness, (3) Trial counsel did not explain a plea offer to Platt, and (4) Petitioner's 59(e) motion which was never ruled on to alter and/or amend judgment for the following reasons: (o) Trial and appellate counsel on direct appeal was ineffective for failing to preserve that record for subject matter jurisdiction issues relating to lack of essential elements for armed robbery and possession of a weapon during the commission of a crime which was included in the indictment.

(Docket Entry # 34, p. 2).

Fed. R. Civ. P. 41(a)(1) provides that a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party files an answer or a motion for summary judgment or if the parties have stipulated to the dismissal in writing. Rule 41(a)(2) states that, except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order. "Since Rule 41(a)(2) only applies when an answer or a motion for summary judgment has been filed by the defendants, the mere filing of an answer or a motion for summary judgment could not, without more, be a basis for refusing to dismiss without prejudice." *Andes v. Versant Corp.*, 788 F.2d 1033 (4th Cir. 1986), n. 4. A plaintiff's motion to dismiss without prejudice under Rule 41(a)(2) should not be denied unless "substantial prejudice" is shown. Also, the "prospect of a second lawsuit" does not necessarily give rise to such prejudice. *Davis v. USX Corp.*, 819 F.2d 1270, 1274-75 (4th Cir.

3

1987). In determining whether to grant a motion for dismissal without prejudice under Rule 41(a)(2), a court should consider the following factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation." *Hobbs v. Kroger Co.*, No. 98-1831, 1999 WL 156045, at *1 (4th Cir. March 23, 1999).

      The Court will now analyze the relevant factors. With regard to the third factor, sufficiency of the petitioner's explanation of the need for a dismissal, this Court has compared the allegations of the habeas petition filed with this court with the "unexhausted claims" referenced by the petitioner. None of these "unexhausted" claims are mentioned in the federal habeas petition. Therefore, allowing Petitioner to dismiss his petition in order to exhaust these claims would serve no purpose. Additionally, dismissal without prejudice at this stage would not prevent any of these issues from being barred by the statute of limitations. Petitioner would be well past the one-year limitations period of 28 U.S.C. § 2244(d)(1), as the filing of a habeas petition does not toll the federal time limitation. *Duncan v. Walker*, 533 U.S.167, 181-82 (2001)("We hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition.") Therefore, the merits of the issues could not be reached even if the issues could be raised by way of a second petition. Moreover, the petitioner's direct appeal and PCR proceedings have been completed, and any attempt by the petitioner to raise these issues in state court at this time would be time-barred or successive. *Wade v. State*, 348 S.C. 255, 264, 559 S.E.2d 843, 847 (2002)("An individual under PCR effectively is granted one chance to argue for relief and must do so within a year of his final appeal"); S.C. Code § 17-27-90 ("All grounds for relief

available to an applicant under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended application."). Petitioner admitted in his Response to the Motion for Summary Judgment (Docket Entry # 28) that he is "procedurally barred from bringing any claims before the state's highest court and to return to S.C. Supreme Court now would be futility." (Docket Entry # 28, p. 4).

As to the first and fourth factors, this habeas case has proceeded through summary judgment and entry of a Report and Recommendation and is ripe for ruling. Therefore, these factors militate against dismissing the case at this stage. As to the second factor, the petitioner has not shown diligence in that the respondent raised procedural default in his motion for summary judgment filed on February 4, 2011, and Petitioner did not file his motion to withdraw until August 3, 2011.

On the basis of the above, the Court denies the motion to withdraw the petition without prejudice.

*Objections*

In Section II of the motion, Petitioner objects in the alternative to footnote 2 of the R&R (Docket Entry # 34, p.2). That footnote refers to the date of filing of the *pro se* Rule 59 motion in the PCR action. (Docket Entry # 30, p.3 n. 2). Petitioner has little basis to dispute that fact where the filing is stamped by the Clerk's Office which confirms the filing date. (Docket Entry # 22, attachment 6). Additionally, his Rule 59 motion was not timely filed. South Carolina Rule of Civil Procedure 59

requires that a motion to alter or amend be filed within ten (10) days after "receipt of written notice of entry of the order." According to the notice of appeal, PCR counsel received the order dismissing the post conviction relief action on January 12, 2009. Therefore, any motion to alter or amend was due on January 22, 2009. Even the Lee Correctional Facility Mail Room receipt stamp on the *pro se* document shows January 30, 2009–well past the deadline. The petitioner's objections as to footnote 2 are overruled.

In Ground One of the habeas petition, the petitioner alleges that the trial court erred in failing to suppress the identification testimony of Ryan Brown. The Magistrate concluded that the state supreme court did not unreasonably apply established federal law and that its decision was not based on an unreasonable determination of the facts. The petitioner does not specifically object to this finding. Instead, he asserts that he was not given a "fair opportunity to present his claims to the state's highest court." Additionally, he complains that he was not consulted by counsel regarding his appeals. Nowhere does the petitioner provide this Court with any reasons not to adopt the Report as to Ground One. In addition, the Court has reviewed the record as to this issue and finds that no clear error exists.

*Conclusion*

Therefore, on the basis of the above analysis, the respondent's motion for summary judgment is granted, and the Report and Recommendation is adopted and incorporated herein by reference. The petitioner's motion to withdraw is denied.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006).

**IT IS SO ORDERED.**

               <u>s/ R. Bryan Harwell</u>
               R. Bryan Harwell
               United States District Judge

September 15, 2011
Florence, South Carolina